IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| SURESHBHAI PATEL, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CASE NO. |
| | ) | |
| CITY OF MADISON, ALABAMA; and | ) | |
| JOHN DOE, an unidentified Madison | ) | |
| City Police Officer; JIM SMITH, an | ) | |
| unidentified Madison City Police Officer | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Sureshbha Patel complains of defendants, stating as follows:

### Parties

1. Sureshbhai Patel is of legal age and a permanant U.S. resident. At the time of the incident he was residing with his son in Madison, Alabama.

2. Defendant the City of Madison, Alabama is a municipality organized and existing under the laws of the state of Alabama.

3. Defendant JOHN DOE, an unidentified Madison police officer, was employed by the City of Madison as a police officer at all times relevant to the allegations in this complaint and is a resident and citizen of the state of Alabama. He is sued in his individual capacity.

4. Defendant JIM SMITH, an unidentified Madison police officer, was

employed by the City of Madison as a police officer at all times relevant to the allegations in this complaint and is a resident and citizen of the state of Alabama. He is sued in his individual capacity.

## Facts

5. On or about February 6, 2015, Patel, a 57-year-old citizen of India visiting his son in Madison, Alabama took a walk in his son's neighborhood, was violently assaulted by Madison Officer DOE without provocation, and left partially paralyzed.

6. Patel is a citizen of India with permanent residency in the United States.

7. Patel had arrived in the Untied States only days before to assist his son and daughter-in-law in caring for their 17-month-old son, who was developmentally delayed after a premature birth.

8. Patel dressed for the walk in plain pants, a button shirt, and a sweater and wore a knit cap on his head.

9. Patel had nothing in his pants except for a green patterned handkerchief that was later used by officers to wipe blood from Patel's face.

10. Patel has dark brown skin.

11. On the morning of February 6, Patel walked the same path he had walked on other mornings since arriving in the U.S. and on a prior visit, straight down

Hardiman Place Lane, the street on which his son lived, and back.

12.     Patel's prior morning walks were without incident.

13.     On the morning of February 6 at around 9:00 a.m., however, a Madison patrol car containing DOE and SMITH approached Patel and ordered him to stop.

14.     According to a Madison Police Department press release, the police department received a call from a neighbor describing Patel as suspicious and claiming he was looking into garages.

15.     Whether there actually was a call or whether the caller actually accused Patel of looking into garages cannot be verified because to date the City refuses to release any recordings or reports that exist related to the incident.

16.     There are good reasons to question the accuracy of the City's account, however.  The City's refusal to provide a recording or other documentation of the call or identify the caller is one.

17.     That the entire press release seemed intended to put the blame on Patel rather than on the officers is another.

18.     Also, given that Patel had been walking in the neighborhood earlier in the week (and on a prior visit) without incident, was walking in the morning in broad daylight, stayed on the sidewalk, was dressed appropriately, and was only a short distance from his son's home, there would be no reason for a neighbor to make any call, let alone describe him as suspicious and accuse him of looking in garages.

19. Finally, the press release is careful not to say that Patel actually walked up to houses or onto neighbor's property, and the garages into which Patel allegedly looked are either solid or have windows that are inaccessible without a ladder.

20. These observations beg the questions: Was there really a call? If so, was Patel actually falsely accused of looking into garages? Was the call or the false accusation against Patel fabricated by the Madison Police Department to deflect criticism for paralyzing an innocent man?

21. Patel was stopped by two Madison officers, DOE and SMITH, getting out of one car. DOE was the younger of the two officers.

22. This scenario commonly occurs when an officer is being trained. The trainee rides with an experienced training officer for a period of weeks before handling patrol duty solo.

23. These facts beg other questions: Was DOE a trainee? Were the officers using Patel as a training exercise?

24. Regardless of the reason, DOE and SMITH pulled their patrol car up to Patel and ordered him to stop.

25. While still walking, Patel told the officers, not necessarily in this order, "no English," "Indian," "walking," and pointed down the street and said "house number [actual number]."

26. The officers again ordered Patel to stop, and Patel stopped.

27. This stop was without reasonable suspicion or probable cause and was illegal.

28. Patel continued to attempt to explain the situation to the officers.

29. Patel is a small man, weighing between 130 and 140 pounds, probably closer to 130, and is narrow of frame and mild of manner. He appeared to be nothing other than the grandfather from India he was.

30. The officers nevertheless came up to Patel and, despite the absence of any reason to believe Patel was armed or presented any kind of danger or threat, searched Patel for weapons.

31. This search was unnecessary and illegal.

32. After the search, without provocation, DOE grabbed Patel's left arm, twisted it behind his back, and slammed Patel face first into the ground.

33. This use of force was unnecessary and excessive.

34. Patel's face was bloodied, but, much worse, there was significant trauma to Patel's cervical spine, and he immediately became paralyzed in his arms and legs.

35. Emergency personnel were called, and Patel was taken to Madison Hospital.

36. Because of the severity of Patel's condition, Patel was transferred to Huntsville Hospital.

37. Patel underwent a cervical fusion to relieve pressure on his spinal cord.

38. Patel has regained arm movement but lacks grip strength.

39. Patel has regained some use of his right leg, but his left leg is still entirely or mostly paralyzed.

40. Patel has begun physical therapy, is making progress, and hopes to make a full recovery, though the rehabilitation process is expected to be lengthy and difficult, and it is not known whether Patel will make a full recovery.

41. Newly arrived in the United States, Patel has no health insurance.

42. Patel was not charged with a crime.

43. According to the Madison Police Department, both audio and video of the incident exist.

44. Despite attempting to blame Patel for the incident in a press release, however, the City is currently refusing to release the recordings that would irrefutably establish his innocence.

### Count I - 42 U.S.C. § 1983 - Illegal Seizure

45. On or about February 6, 2015, DOE and SMITH, acting under color of law within the meaning of 42 U.S.C. § 1983, seized plaintiff without reasonable suspicion or probable cause, thereby depriving plaintiff of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States in violation of 42 U.S.C. § 1983. Specifically, DOE and SMITH violated plaintiff's right to be free

from unlawful seizure.

46. These officers acted with malice or reckless indifference to Patel's constitutional rights.

47. As a result of the conduct of defendants, plaintiff has been caused to suffer physical and emotional injuries and damages and has been caused to incur medical bills and other expenses.

### Count II - 42 U.S.C. § 1983 - Unlawful Search

48. On or about February 6, 2015, DOE and SMITH, acting under color of law within the meaning of 42 U.S.C. § 1983, searched plaintiff's person without probable cause or reasonable suspicion. The individual defendants did thereby deprive plaintiff of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States in violation of 42 U.S.C. § 1983. Specifically, they violated plaintiff's right to be free from unlawful searches.

49. These officers acted with malice or reckless indifference to Patel's constitutional rights.

### Count III - 42 U.S.C. § 1983 - Excessive Force

50. On or about February 6, 2015, DOE, acting under color of law within the meaning prescribed by 42 U.S.C. § 1983, assaulted and battered plaintiff. Defendant did thereby deprive the plaintiff of his rights under the Fourth and

Fourteenth Amendments to the Constitution of the United States in violation of 42 U.S.C. § 1983.  Specifically, he violated plaintiff's right to be free from excessive force.

51. This officer acted with malice or reckless indifference to Patel's constitutional rights.

52. As a result of the conduct of defendant, plaintiff has been caused to suffer physical and emotional injuries and damages and has been caused to incur medical bills and other expenses.

### Count IV - State Law - Illegal Search / Assault

53. On or about February 6, 2015, DOE and SMITH searched plaintiff's person without a warrant and without probable cause or reasonable suspicion.

54. The conduct of the individual defendants was either negligent, wanton, malicious, willful, or in bad faith.

55. To the extent that the conduct of the individual defendants was negligent or careless, the City is liable for their conduct, as they were acting within the line and scope of their employment with the City.

56. As a result of the conduct of defendants, plaintiff has been caused to suffer physical and emotional injuries and damages and has been caused to incur medical bills and other expenses.

### Count V - State Law - False Arrest / False Imprisonment

57. On or about February 6, 2015, DOE and SMITH seized plaintiff without probable cause.

58. The conduct of the individual defendants was either negligent, wanton, malicious, willful, or in bad faith.

59. To the extent that the conduct of the individual defendants was negligent or careless, the City is liable for their conduct, as they were acting within the line and scope of their employment with the City.

60. As a result of the conduct of defendants, plaintiff has been caused to suffer physical and emotional injuries and damages and has been caused to incur medical bills and other expenses.

### Count VI - State Law - Assault and Battery/Excessive Force

61. On or about February 6, 2015, DOE assaulted and battered and used excessive force on plaintiff.

62. This assault and battery and excessive use of force was either negligent, wanton, malicious, willful, or in bad faith.

63. To the extent that the individual defendant's assault and battery of and use of excessive force on plaintiff was negligent and not intentional, the City is liable for his conduct, as he was acting within the line and scope of his employment with

9

the City.

64. As a result of the conduct of defendants, plaintiff has been caused to suffer physical and emotional injuries and damages and has been caused to incur medical bills and other expenses.

## Other Matters

65. All conditions precedent to the bringing of this suit have occurred.

## Relief Sought

66. As relief, plaintiff seeks the following:

   a. That he be awarded such compensatory damages as a jury shall determine from the evidence he is entitled to recover;

   b. That he be awarded against the individual defendants only such punitive damages as a jury shall determine from the evidence he is entitled to recover;

   a. That he be awarded prejudgment and postjudgment interest at the highest rates allowed by law;

   b. That he be awarded the costs of this action, his reasonable attorney's fees, and his reasonable expert witness fees;

   e. That he be awarded such other and further relief to which he is justly entitled.

**Dated: February 12, 2015.**

Respectfully submitted,

/s Henry F. (Hank) Sherrod III
Henry F. (Hank) Sherrod III
No. ASB-1200-D63H
HENRY F. SHERROD III, P.C.
119 South Court Street
P. O. Box 606
Florence, Alabama 35631-0606
Phone: 256-764-4141
Fax: 877-684-0802
Email: hank@alcivilrights.com

Attorney for Plaintiff

**Jury Demand**

Plaintiff requests a trial by jury.

/s Henry F. (Hank) Sherrod III
Henry F. (Hank) Sherrod III