# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| SURESHBHAI PATEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Case No.:  5:15-CV-0253-VEH |
| ) | |
| CITY OF MADISON, ALABAMA, ) | |
| and ERIC SLOAN PARKER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

### I.     Introduction and Procedural History

Due to pendency of multiple related criminal cases against Defendant Eric Sloan Parker ("Mr. Parker"), this federal and state law civil action was stayed on May 4, 2015, by the prior judge to which it was assigned (Doc. 18), and has remained stayed upon reassignment to the undersigned. (Doc. 19). With Mr. Parker acquitted of any federal criminal civil rights charges earlier this year in *United States v. Parker*, No. 5:15-CR-0055-MHH-HGD,[1] currently only a state criminal misdemeanor assault charge remains pending against Mr. Parker in the Circuit Court of Limestone County–*State of Alabama v. Eric Sloan Parker*, DC-15-253.

---

[1] (*See* Doc. 113 (memorandum opinion granting Mr. Parker's renewed motion for judgment of acquittal)).

Pending before the court is Plaintiff Sureshbhai Patel's ("Mr. Patel") Motion To Lift Stay (Doc. 30) (the "Motion") filed on February 26, 2016. The Motion has been briefed by the parties with both defendants–Mr. Parker and the City of Madison–expressing their objections to lifting the stay. (Docs. 32, 33, 35, 36). Because several compelling factors as bolstered by binding as well as persuasive authorities favor keeping the stay in place, Mr. Patel's Motion is **DENIED**.

## II. Standard

Regarding orders to stay:

> The general rule is well settled that, '* * * the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.' *Landis v. North American Co.*, 1936, 299 U.S. 248, 254, 255, 57 S. Ct. 163, 81 L. Ed. 153.

*Nelson v. Grooms*, 307 F.2d 76, 78 (5th Cir. 1962).[2]

## III. Analysis

Mr. Patel articulates two grounds in support of his Motion. First, Mr. Patel asserts that the recent retirement of the state court judge presiding over the assault criminal case and an anticipated appeal of any conviction mean that Mr. Parker's

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

"assault charge [] is unlikely to be resolved any time soon." (Doc. 30 at 1 ¶ 2); (*see also* Doc. 30-1 (attaching article announcing assigned judge's retirement and observing that before criminal case can proceed the governor will need to appoint someone to fill the judicial vacancy)).

Second, Mr. Patel contends that because Mr. Parker has testified twice during the pendency of the federal criminal case,[3] no Fifth Amendment basis for continuing the stay in this civil case exists. Mr. Patel relies upon *EMC Prop. & Cas. Co. v. 205 Customz, LLC*, No. 2:15-CV-00293-RDP, 2015 WL 3554737, at *2-*3 (N.D. Ala. June 5, 2015),[4] an insurance declaratory judgment action brought against a defendant with related arson and insurance fraud changes pending in state district court, *id.*, at *1, to show that Mr. Parker has waived his Fifth Amendment privilege.

In *EMC*, the court "assumed without deciding that [the defendant] ha[d] waived the privilege against self-incrimination[,]" 2015 WL 3554737, at *2, because of his prior willingness "to sit for an extensive examination under oath" in an effort to collect proceeds under the same fire insurance policy that the insurance carrier, by way of the declaratory action, was contesting. *Id.*, at *1. Thus, unlike the situation

---

[3] Two different juries deadlocked in the federal criminal prosecution of Mr. Parker and mistrials were declared. (*See* CM/ECF minute entries in 15-CR-0055-MHH-HGD dated Sept. 11, 2015, and Nov. 4, 2015).

[4] Both Mr. Patel (Doc. 36 at 1-2 ¶ 2) and Mr. Parker (Doc. 35 at 5 ¶ 12) rely upon *EMC* as persuasive authority.

here which involves a purported waiver resulting from Mr. Parker's testimony during a related but, nonetheless, <u>distinct</u> criminal proceeding, the defendant's (assumed) waiver of his privilege in *EMC* sprang from his <u>voluntary actions taken in furtherance of his contractual rights under the same insurance policy that was the subject of the civil suit</u>. *Cf. United States v. Fortin*, 685 F.2d 1297, 1298 (11th Cir. 1982) ("While the rule [of waiver] being urged by the Government is a valid one, it is generally only applicable when the 'disclosure of the details' is being sought in the <u>same proceeding</u> where the initial 'criminating facts have been voluntarily revealed.'") (emphasis added).

As the City of Madison correctly points out (Doc. 32 at 2-4 ¶ 3), the Eleventh Circuit's rule regarding the scope of a witness's right to assert the Fifth Amendment privilege when that same person is called upon to testify in more than one case is much broader than Mr. Patel contends:

> [T]he privilege (against self-incrimination) attaches to the witness <u>in each particular case</u> in which he may be called on to testify, and whether or not he may claim it is to be determined without reference to what he said when testifying as a witness on some other trial, or on a former trial of the same case, and without reference to his declarations at some other time or place.

*United States v. Fortin*, 685 F.2d 1297, 1298-99 (11th Cir. 1982) (emphasis added) (quoting *In re Neff*, 206 F.2d 149, 152 (3d Cir. 1953)); *see also Ballantyne v. United*

*States*, 237 F.2d 657, 665 (5th Cir. 1956) (citing with approval the holding from *Neff* that "waiver of the privilege before the Grand Jury did not carry through to the subsequent trial"). Mr. Patel offers nothing to refute these Fifth Amendment "hornbook"[5] principles, and this court is bound by them. Therefore, Mr. Parker's privilege against self-incrimination remains intact in this civil lawsuit, despite his testimony provided in his defense during the federal criminal case.

Additionally, turning back to Mr. Patel's reliance upon *EMC*, even though that court found that the factor of defendant's waiver supported denying the request to stay, ultimately it determined that staying the case was the appropriate action to take. As the *EMC* court summarized its reasons for staying the civil litigation, "the significant overlap between this case and its criminal counterpart counsel in favor of conserving judicial resources and sparing the parties from potentially inconsistent rulings." *EMC*, 2015 WL 3554737, at *5. Here, the overlap between the assault criminal case (which apparently applies a recklessness standard (Doc. 33 at 1 ¶ 3))[6] and this civil action which incorporates several state law claims, including an allegation that the City of Madison is liable for assault and battery "[t]o the extent

---

[5] *Fortin*, 685 F.2d at 1299 (internal quotation marks omitted) (quoting *United States v. Cain*, 544 F.2d 1113, 1117 (1st Cir. 1976) ("It is hornbook law that the waiver is limited to the particular proceeding in which the witness appears.")).

[6] Mr. Patel does not dispute Mr. Parker's characterization of the criminal standard applicable to the pending assault charge.

that the conduct of PARKER was negligent or careless" (Doc. 2 at 7 ¶ 50)[7] is similarly "significant" and favors keeping the stay in place to conserve judicial resources and avoid potentially inconsistent rulings.

## IV. Conclusion

Therefore, while the court is not unsympathetic to Mr. Patel's efforts to lift the stay of this civil case on account of the still pending but indefinitely delayed state criminal proceeding against Mr. Parker, the weight of the authorities relied upon by the parties,[8] the significant overlap between the criminal and civil proceedings, and Mr. Parker's still viable Fifth Amendment privilege against self-incrimination lead this court to **DENY** his Motion.[9]

---

[7] *See also* Ala. Code § 11-47-190 ("No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless such injury or wrong was done or suffered through the neglect, carelessness, or unskillfulness of some agent, officer, or employee of the municipality engaged in work therefor and while acting in the line of his or her duty . . . .").

[8] Noticeably absent from Mr. Patel's filings is any authority that even persuasively shows why the court should grant his Motion and lift the stay. Instead, Mr. Patel's case-related focus is almost entirely limited to *EMC*, which decision misses the mark in furthering his cause for the reasons explained above. The only other opinion that Mr. Patel cites to–*United States v. Argomaniz*, 925 F.2d 1349 (11th Cir. 1991)–is an IRS civil summons enforcement action. Mr. Patel relies upon *Argomaniz*, for the proposition that "[a] court must make a particularized inquiry" when addressing claims of Fifth Amendment privilege. *Id.* at 1355 (internal quotation marks omitted) (quoting *United States v. Melchor Moreno*, 536 F.2d 1042, 1049 (5th Cir.1976)); (Doc. 36 at 3 ¶ 7). While the district court in *Argomaniz* did stay enforcement of the IRS summons pending the defendant's appeal, 925 F.2d at 1352, the decision sheds no light on whether a stay is appropriate given the criminal versus civil trial priorities and Fifth Amendment privilege conflicts that are present here.

[9] Mr. Patel suggests, without explaining, that all the remaining *EMC* factors favor him. (Doc. 36 at 3 ¶ 8). The court disagrees. However, even assuming that Mr. Patel is correct, the combined strength of these less compelling factors does not overpower those more critical ones relied upon by the *EMC* court when it decided to stay that case. *See, e.g., EMC*, 2015 WL 3554737, at *2

**DONE** and **ORDERED** this the 17th day of March, 2016.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

("Although no factor is necessarily dispositive, '[t]he degree to which the issues in the simultaneous civil and criminal proceedings overlap is the most important threshold issue in deciding whether the court should stay the civil proceeding.'" (quoting *Walsh Sec., Inc. v. Cristo Prop. Mgmt.*, 7 F. Supp. 2d 523, 527 (D.N.J. 1998))).